# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.           No. CR 02-1264 RB/BB

LARRY DONALD BASSETT and
SAUL TOVAR-GUERRERO,

   Defendants.

## MEMORANDUM OPINION AND ORDER

   **THIS MATTER** came before the Court on Defendant's Motion to Withdraw his Plea of

Guilty (Doc. 43), filed August 29, 2003, pursuant to Rule 11(d) of the Federal Rules of Criminal

Procedure.   Having reviewed the submissions of the parties and the relevant law, the Court finds

that the motion is not well-taken and should be denied.

**I. Background.**

   On July 31, 2002, Mr. Tovar-Guerrero entered a plea of guilty before Magistrate Judge

Karen B. Molzen.  (Def. Mot. to Withdraw Guilty Plea ¶ 1).  At that time, Mr. Tovar-Guerrero

was represented by Anthony White.  *Id.*   On December 2, 2002,  Judge Molzen granted Mr.

Tovar-Guerrero's motion to allow Mr. Anthony White to withdraw as his attorney. *Id.* at ¶ 2. On

December 3, 2002, attorney Leo C. Kelly was appointed Mr. Tovar-Guerrero's counsel.*Id.* at ¶ 3.

   On February 24, 2003, Mr. Tovar-Guerrero filed an unopposed motion to continue the

sentencing hearing which was granted.  On March 26, 2003, Mr. Tovar-Guerrero filed another

unopposed motion to continue the sentencing hearing that was also granted.  Shortly thereafter, Mr. Tovar-Guerrero informed his attorney, Leo C. Kelly, that he wanted to withdraw his plea of guilty on the grounds that he was innocent of the charges to which he had pled guilty.  *Id.* at ¶ 5.

Mr. Kelly contacted a qualified investigator to determine the cost of putting forth a credible defense to Mr. Tovar-Guerrero's claim of innocence.  *Id.* at ¶ 7.  An investigator was subsequently retained and substantiated Mr. Tovar-Guerrero's claims.  *Id.* at ¶ 8.

Mr. Tovar-Guerrero claimed that the only reason he entered into his plea was because he was under "extreme duress" and "debilitating fear."  *Id.*  He protested his guilt and claimed he was innocent, but was nevertheless "forced" to plead guilty.  *Id.*

Mr. Tovar-Guerrero's attorney did  not elaborate upon what caused this extreme duress or debilitating fear and the connection it had upon entering a  guilty plea.   The only reason advanced for  Mr. Tovar-Guerrero's motion to withdraw his guilty plea is that he is innocent.  *Id.* at ¶ 10.  The United States declined to agree to withdraw the guilty plea. *Id.* at ¶ 11.

**II.  Analysis.**

To determine whether a court should allow a defendant to withdraw a guilty plea before the imposition of sentencing, the Tenth Circuit has identified seven factors that must be considered.  These factors are: "(1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources." *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991) (citing *United States v. Hickok*, 907 F.2d 983 (10th

Cir. 1990) (citing *United States v. Carr*, 740 F.2d 339, 343, 344 (5th Cir. 1984)). [1]  The burden is placed squarely on the defendant to establish the appropriateness of the withdrawal of the plea. *United States v. Siedlik*, 231 F.3d 744 (10th Cir. 2000).  After weighing these seven factors on the facts, Mr. Tovar-Guerrero will not be allowed to withdraw his guilty plea entered on July 31, 2002.

The first *Elias* factor could potentially weigh in Mr. Tovar-Guerrero's favor as he claims now that he is innocent.  *Id.* at ¶ 10.  His claims of innocence must be weighed, however, against all the facts.  Mr. Tovar-Guerrero stated under oath, at the guilty plea hearing, that he knew there were 160 pounds of marijuana in co-defendant,  Bassett's car and that he and Mr. Bassett agreed to deliver this marijuana to someone.  (Ct. Tr. CR 02-1264 BB.  33 lns. 22-24, 34 lns. 1-3).  Further, Mr.Tovar-Guerrero acknowledged, under oath,  that he was paid to aid Mr. Bassett's delivery and that he knew his activity was illegal.  *Id.* at 34, lns. 8-20.  In light of his previous sworn responses to the Court's inquiries, Mr. Tovar-Guerrero's claim, this late in the game, that he is innocent cannot control the analysis.

As to the second *Elias* factor, the United States will be prejudiced by permitting Mr. Tovar-Guerrero  to withdraw his plea at this late juncture.  Mr. Tovar-Guerrero's plea agreement was contingent on his co-defendant also pleading guilty.   (Plea Agreement 4. ¶ c.).  If either Mr. Tovar-Guerrero or his co-defendant decided not to accept the plea agreement, the United States

---

1.     Effective December 1, 2002, Rule 32(e) was amended and incorporated into Rule 11(d) of the Federal Rules of Criminal Procedure. Rule 11(d) reads as follows: "A defendant may withdraw a plea of guilty or nolo contendere:  (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal.   FED. R. CRIM. P. 11(d).  While the Tenth Circuit in  *Elias*, analyzed these factors under Rule 32(e), the same substantive analysis would apply to Rule 11(d).

would withdraw the plea altogether and proceed to trial.  The reason advanced by the United States for this conditional plea agreement is that if one co-defendant pleaded guilty and the other insisted upon a jury trial, the United States would be seriously disadvantaged in that the co-defendant that pleaded guilty would have no incentive to testify on behalf of the United States at trial.   This is exactly what will happen if Mr. Tovar-Guerrero is allowed to withdraw his plea. Mr. Bassett has already pleaded guilty and is currently serving out his sentence.   The United States is prejudiced to the extent that the co-defendant has no current incentive to testify or otherwise cooperate in the prosecution of Mr. Tovar-Guerrero.

The third *Elias* factor also weighs against Mr. Tovar-Guerrero.  Mr. Tovar-Guerrero has waited too long to withdraw his guilty plea**.**  Indeed, Mr. Tovar-Guerrero's  timing of this motion raises doubt about its legitimacy.  On February 24, 2003 and March 26, 2003, Mr. Tovar-Guerrero filed unopposed motions to continue the sentencing hearings which were both granted. Neither of these motions even hinted at any dissatisfaction with the earlier plea.  It wasn't until August 29, 2003, thirteen months after the date Mr. Tovar-Guerrero entered his plea, that he filed the motion now being considered.

The fourth *Elias* factor considers the extent that the Court is inconvenienced if the defendant is allowed to withdraw his guilty plea.  The additional time required to set the case for trial, to summon jurors, and to preside at a trial, all weigh against Mr. Tovar-Guerrero.  Relative to the fifth *Elias* factor, Mr. Tovar-Guerrero makes no argument that his prior counsel was ineffective or incompetent. (Def. Mot. to Withdraw Guilty Plea).  During the plea colloquy, Mr. Tovar-Guerrero was specifically asked by Judge Molzen whether he was "satisfied with the advice and representation . . . [he] received from Mr. White." (Ct. Tr. CR 02-1264 BB.  14 lns. 14-16).

4

While never answering the question directly, his further questions to the Court suggest that it was not an issue with which he was concerned. *Id.*

The sixth *Elias* factor also weighs against Mr. Tovar-Guerrero.   Mr. Tovar-Guerrero's plea was entered knowingly and voluntarily as evidenced by the colloquy between Mr. Tovar-Guerrero and Judge Molzen. (Ct. Tr. CR 02-1264 BB.  3-14)  The transcript reveals that Judge Molzen patiently and scrupulously informed Mr. Tovar-Guerrero of all his rights, inquired into whether he was capable of exercising those rights, discussed the consequences of giving up those rights and the nature of the charges filed against him, inquired whether Mr. Tovar-Guerrero was adequately represented by counsel, and whether he had ample time to reflect on his decision to plead guilty.  *Id.*  Further, Judge Molzen informed Mr. Tovar-Guerrero of the presumption of innocence in his favor, the availability of appointed counsel to represent him, and the ability to compel witnesses to testify on his behalf under the penalty of perjury.  *Id.* at 7-8.

Moreover, Mr. Tovar-Guerrero acknowledged that he understood those rights.  *Id.* at 8. "The Court:  . . . [D]o you [Mr. Tovar-Guerrero] understand this right to proceed to a jury trial and all of those rights associated with a trial?  The Defendant: [Mr. Tovar-Guerrero]  Yes.  The Court: And do you understand that if you plead guilty today, there will be no trial and you will have given up those rights? The Defendant: [Mr. Tovar-Guerrero] Yes."  *Id.* at 8 lns. 8-17.

Mr. Tovar-Guerrero understood all the attendant consequences of his decision to plead guilty.  Judge Molzen informed Mr. Tovar-Guerrero of the immigration consequences that could potentially result by entering a guilty plea.  *Id.* at 9. lns. 9-15.  "The Court: [n]ow Mr. [Tovar]-Guerrero, in your case, there could be immigration consequences.  By pleading guilty, you could be deported [and]/or . . . lose any kind of legal immigration status that you may have.  It might

5

also make it difficult or impossible for you to enter the United States lawfully in the future.  Do you [Mr. Tovar-Guerrero] understand those immigration consequences?  The Defendant: [Mr. Tovar-Guerrero] Yes." *Id.*

That Mr. Tovar-Guerrero's decision to plead guilty was entered into knowingly and voluntarily is further evidenced by Judge Molzen's inquiry into Mr. Tovar-Guerrero's mental state during the plea proceeding.  Judge Molzen specifically inquired whether Mr. Tovar-Guerrero was under the influence of  "any kind of substance, such as drugs, medicines, or alcohol" that would impair his understanding of the consequences of entering into the plea agreement.  *Id.* at 5. lns. 14-16.  Mr. Tovar-Guerrero responded in the negative. *Id.*  Contrary to his earlier assertions that he was acting under extreme fear or duress, when asked if anyone was forcing Mr. Tovar-Guerrero to enter his guilty plea, Mr. Tovar-Guerrero responded in the negative. *Id.* at 10. ln. 18, 21.

The underlying premise associated with the sixth *Elias* factor is that the withdrawal of a guilty plea is to correct a decision that was made in haste and without proper deliberation by a confused defendant. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). In this case, Mr. Tovar-Guerrero made a deliberate and calculated decision to plead guilty to Count I, Possession With Intent to Distribute 50 Kilograms and More of Marijuana 21 U.S.C. §841(b)(1)(c) and Count II, Conspiracy to violate 21 U.S.C. §841(b)(1)(c) in exchange for the agreement of the United States to depart three levels downward from the base offense.  (Plea Agreement 4. ¶ a).  The plea agreement also was expressly contingent on Mr. Tovar-Guerrero's co-defendant entering a plea of guilty.  (Plea Agreement 4. ¶ c).  Further, at all times during plea negotiations and leading up to the execution of the plea agreement, Mr. Tovar-Guerrero was

represented by counsel.

Finally, finding as I do that the plea was knowingly, voluntarily, and competently made and that Mr. Tovar-Guerrero acknowledged his guilt in a fastidious colloquy, to grant this motion would be to invite the waste of judicial resources.

## III.     Conclusion.

The totality of the seven *Elias* factors weighs against allowing Mr. Tovar-Guerrero to withdraw his guilty plea.  Mr. Tovar-Guerrero's bare claim that, after investigation, he is innocent is not persuasive.  It is also probable that the United States would suffer prejudice if Mr. Tovar-Guerrero is allowed to withdraw his guilty plea.  Further, the transcript reveals that Mr. Tovar-Guerrero's plea agreement was entered knowingly and voluntarily.  Indeed, Judge Molzen's plea colloquy is exemplary in its attention to detail and substance and could serve as a guide for new judges to follow.  Additionally, granting Mr. Tovar-Guerrero's motion will be a burden on limited judicial resources.

**WHEREFORE,**

**IT IS ORDERED** that Mr. Tovar-Guerrero's Motion to Withdraw his Plea of Guilty (Doc. 43), filed August 29, 2003, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**